UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JIMMY LEE PARKER** § | | **PLAINTIFF** |
| § | | |
| VS. § | | **CAUSE NO. 1:10cv184-LG-RHW** |
| § | | |
| **WALGREEN CO. and CATHY** § | | |
| **BROOME** § | | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER GRANTING REMAND

BEFORE THE COURT is Plaintiff Jimmy Lee Parker's [13] Motion to Remand. Ordinarily, for purposes of removal, the citizenship of defendants sued under fictitious names are disregarded. 28 U.S.C. § 1441(a). The issue before the Court is whether the subsequent identification and joinder of a non-diverse John Doe defendant divests the Court of jurisdiction. The Court has considered the motion, the record, and the relevant legal authority. The motion is granted.

### FACTS AND PROCEDURAL HISTORY

Parker filed this state law action in the Circuit Court of Harrison County, Mississippi, First Judicial District. He alleges that his prescription was negligently mishandled by a pharmacist at Walgreen's in Gulfport, Mississippi. At the time he filed his Complaint, he did not know the pharmacist's identity. Therefore, the Complaint was filed against Walgreen and John Doe. Walgreen removed the case to this Court alleging diversity and federal question jurisdiction.[1] Less than one month later, Walgreen disclosed that Cathy Broome was the John Doe pharmacist identified

---

[1] No explanation was given as to why this case involved a federal question.

in the original Complaint. Parker filed an Amended Complaint naming Broome as an additional Defendant. Both Broome and Parker are Mississippi residents.

## DISCUSSION

Defendants bear the burden of establishing jurisdiction. *Rivet v. Regions Bank*, 108 F.3d 576, 582 (5th Cir. 1997). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may . . . permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). While jurisdiction is usually judged at the time of removal, joinder of a nondiverse defendant will defeat diversity jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The same is true even when a non-diverse John Doe defendant is subsequently identified and joined. *Doleac v. Michalson*, 264 F.3d 470, 475 (5th Cir. 2001). Here, all parties agree that Broome is the John Doe pharmacist in this case. She and Plaintiff are Mississippi residents. Therefore, the Court lacks diversity jurisdiction.

Further, the Court finds the allegations in the Amended Complaint raise only state law claims, and therefore there is no federal question jurisdiction. Since the Court has no subject matter jurisdiction over this cause, it must be remanded to the Circuit Court of Harrison County, Mississippi, First Judicial District, for further proceedings.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Plaintiff Jimmy Lee Parker's [13] Motion to Remand should be and is hereby **GRANTED**. The above styled and numbered cause should be, and is hereby

**REMANDED TO THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI, FIRST JUDICIAL DISTRICT** pursuant to 28 U.S.C. § 1447(e).

**IT IS FURTHER ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED** this the 19th day of November, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE